Please the Court, my name is John Grenfell, speaking for the appellants in the case. In each of these two cases which you have before you, there are parents' patriotic claims which seek monetary recovery, damages in the case of California, restitution in the case of Washington, and seek it on behalf of a class of private citizens, residents, which is defined quite precisely and which is allegedly united by a common interest. So in the case of California, it's natural persons residing in California who are consumers that purchased LCD panels or LCD products. Those are both defined terms separately or as part of other LCD products between 1996 and 2006. In the case of Washington, it's residents of that state who purchased LCD products containing LCD panels manufactured by the defendants between 1998 and 2001. These are classes, and the states are bringing representative actions on behalf of those classes. And the class definitions I just read didn't just spring from the minds of the state attorneys general. They are, they closely track the class definitions as certified in the MDL before Judge Elston. And in fact, these two cases are what the legislative history of CAFA calls copycat cases. The complaints are copied in good part from the class complaints that began to be filed before Judge Elston in late 2006 and early 2007. And the California parents group really intersects almost perfectly with the class that she has certified in the MDL. Furthermore, both of the states allege that these private citizens paid an overcharge which was passed on to them by their seller. Their seller might be a so-called OEM, so the manufacturer of a computer monitor or a laptop, or it might be a retailer like Best Buy. Those entities are plaintiffs in the MDL. They also seek to recover these overcharges. And many of them, because they're suing themselves as indirect purchasers under state law, deny that they passed on the overcharges. Well, there's no question they're similar, I accept all you say. The question for us on that issue then is, is it a true class action? And here the states are a member of the class. If you go down the typical considerations that we would analyze in a class action, they don't fit this. So even though Congress may or may not have intended to include them, why should we say that something that isn't a class action is a class action? Well, the definition of class action in CAFA doesn't just say a class action. It's – I'm sure the Court has read it. It starts out by talking about a civil action filed under Rule 23 of the Federal Rules or similar state statute or rule. Had they stopped there, I think you could say they meant only something that calls itself a class action under one of those rules. But they went on to say authorizing an action to be brought by one or more representative persons as a class action, somewhat circular. And I think there's a lot of ambiguity there that ought to be cleared up by consulting the legislative history. But we would submit that it is broad enough to cover a situation where, as I say, there is a class and it's a representative action. If you go through the – There is no chance that there would be a double recovery for some plaintiff if these actions continue, is there? Yes, there is, Your Honor, because precisely – Well, I understand. So is that fact even relevant in a CAFA determination? I think it absolutely is, because – Where? Where do you find that? What case tells me that's relevant? Let me refer to page 23 of the Senate report, because that is where – The Senate report? The Senate report. The Senate report. Yes. The Senate report is where I'm supposed to look? Yes. Yes, Your Honor. Well, it's – I mean, congressional reports are legislative history. They're the highest – Well, I understand where they are, and I'm looking at the language of the CAFA. And I guess I'm trying to determine whether there's anything in the language of CAFA which would suggest that double recovery is even relevant to the CAFA determination. Well, the language I have in mind from the Senate report talks about similar overlapping class actions, and it says basically – What page are you on? It's on page 23 of the Senate report. Okay. Go ahead. It says when – when somebody – sorry. When you have actions in multiple Federal courts, they can be consolidated, and then a single judge can look at all of the claims and can avoid the inconsistencies, which is what Judge Elson is doing in the MDL. But it points out that if a copycat action or an overlapping – they say an overlapping action is filed in State court, there is no way to consolidate it with the Federal court, and therefore, you cannot ensure consistent treatment of the legal issues involved. Right. But the language there talks about copycat class actions. Right. And so we get back to the definition, is this a class action? It's not enough that it's a copycat, I think. It has to be a class action. Now, I think you have some interesting points, but if you dig deeper in the legislative history, you have floor statements by the sponsor indicating that this legislation is not directed towards States. So, I mean, legislative history is a mixed bag, I think, perhaps. Well, yes, and I would agree that copycat actions is not statutory language. Copycat class actions, it says, not copycat actions. The phrase copyright doesn't occur – doesn't appear – the copycat doesn't appear in the statute. I'm agreeing with the Court. But I think what the statute does say is sufficiently ambiguous that you ought to look at the Senate report, and certainly in the hierarchy of legislative history, that ranks higher than the floor statements, which are, A, confusing, B, were in reference to a passage to an amendment that was never enacted, and C, may very well have been talking about the traditional common law parents' patriotic action, rather than a statutory action like we have here. Well, but – Go ahead, sir. Go ahead. No, no. I was just going to say, I have trouble looking at the Senate report very carefully in trying to determine what happens here, because it was circulated after the vote, therefore it could not inform the Senate of the wide vote on the issue. Well, we've cited the Supreme Court's decision in the Garcia case, and this Court's decision – could I get a sip of water? Sure, absolutely. Thank you. Thank you, Your Honor. I appreciate that. We cited the Supreme Court's decision in Garcia and this Court's very recent decision in a case called Association of Irritated Residents, which talk about committee reports and say that we look to those not because we assume that the entire Congress has read them, but because they represent the views of the Senators in this case who did the most careful work on this, who thought about it the most carefully and who could explain the best what they were trying to achieve in the statutory language. And there are a number of the cases in this area have cited back to a Supreme Court decision in the Garcia case. One of the cases in the Garcia case is the case of Weinberger v. Rossi, which said we don't give much weight to a subsequent committee report. But what you had there was a statute enacted in 1971 and then a committee report issued by a whole new Congress in 1977 and 1981, which said this is what we think that means. Right. And of course you don't give right. Well, in the discussion of what it means to be a class action, they say this should be interpreted liberally and they say very directly in point, they say you should not look at the label of the case, whether the label applied by the plaintiff or the label applied by state law. So that's what we're relying upon. That's the part of the committee report you want me to look at? Yes. Well, that's one part. That one is on page 35. I expect you to agree with me that there are no processes by which this class could be certified if it's a class action. It is not subject to a certification ruling by the court. I expect you'd also agree with me that there are no processes in place by which I could make certain that the plaintiff was the proper representative. I don't think that's, again, a matter for the court because that's presumed by statute. Well, but that's what I generally do in a class action. True. In fact, if I looked in Washington or California's statutes, I can't find anything which would give me a process about either of those questions, it seems to me. Well, let's look at Rule 23A, which some of the cases have focused upon as the salient features of a class action. One is numerosity. And CAFA itself provides for that. It says you have to have more than 100 class members. And there isn't more than 100 here. Oh, yes, there are millions. Well, but there's one member here, the Attorney General, who's bringing it for the state. But he's bringing it on behalf of millions of state residents who, within our definitions of Are you suggesting that the state has no claim in this particular action? The state has claims on behalf of state agencies who purchase these products. And those claims are not being pursued in the MDL. So it is understandable that the state would want to assert them. Those claims could be either held in the district court or remanded, depending on how that court wanted to proceed. What makes the case removable under CAFA is the parents' patriot part of it, where they are asserting claims on behalf of private citizens seeking a monetary recovery. In other words, a class who have a common interest arising from their having purchased these products supposedly at an excess price. Well, the reason I question you about that is that it seems to me, reading the language, I have to have an action to be brought by one or more representative persons. And frankly, it doesn't seem to me parents' patriot fits the language. It isn't brought by one or more representative persons. It's brought by the state. The concept of a representative action is a generic concept in the law that covers any kind of case, and there are lots of them, where the plaintiff before the court is asserting a claim on behalf of someone who isn't. So that would include a parents' patriotic action as well as a class action. And that would include also the fact that the party who is a representative will be asserting a claim, him or herself, which is similar or representative of those other claims that are in the action. And I think that's what Judge Smith is querying. The state cannot be said in this situation. We're not talking about the state having a claim itself as it relates to these devices. The state has a claim on behalf of all of its citizens, but you can't say that the state is representative in the same way that we look for representation in class actions. The state does not have a character in that regard. Well, as I say, the state is bringing a representative action, number one, and number two, the state is asserting claims on behalf of its own agencies, state and local agencies, that are the same claims that it's asserting on behalf of the private citizens. Now, it is true that the state is not a member of that parents' patriotic group. It is also true that there are a number of cases, which we've cited in our brief, where federal courts applying Rule 23 have said that state attorneys general are appropriate class representatives, notwithstanding that. There's a California statute. But in this case, we don't even get to make that decision, nor did the judge in the district court. Well, you don't have to go through the analysis of whether the attorney general is an adequate representative or whether his claims are the same as the class, because, as I say, he is presumed by statute to be an adequate and typical representative. So those two questions are predetermined. You do have in California, and this is different from, I think, the only other case that had this feature was the Comcast case from Pennsylvania, you do have the four provisions borrowed from the Federal HSR Act, which are notice, opt-out, binding judgments upon those who don't opt-out, and a number of other provisions on court approval of settlements. Those, I think, are at least as important features of class actions as the four that are listed in Rule 23a. You believe this to be a mass action? We're not taking that position, Your Honor. Well, if it's not a mass action, then I guess I'm trying to figure out how we remove it. Well, the reason I say it's not a mass action is that the mass action statute, I think, is not a statute intended to reach representative actions. That is to say, actions where the plaintiff before the court is asserting claims on behalf of others not before the court. A parent's patriotic claim is a representative action, and therefore, in our view, it falls within the statutory definition of a class action as an action brought by one or more representative persons, et cetera. Do you distinguish the Fourth Circuit case with CVS, or do you just think the Fourth Circuit got it wrong? Well, as I say, as to California, I think it can be distinguished because the West Virginia statute there clearly did not have those provisions about notice and opt-out and so forth. As to Washington, yes, I would contend that they got it wrong. And, you know, you can't decide this appeal without disagreeing with several other general courts. The law is pretty much in conflict here. You have about a minute or three minutes, 17. Do you want to reserve? Yes. Thank you, Your Honor. Morning. May it please the Court. I'm Jonathan Mark, Assistant Attorney General for the State of Washington. I'll be arguing for 10 minutes, and I'll split the remainder of my time with Deputy Assistant Attorney General Adam Miller for the State of California. A sovereign's choice of forum cannot be subverted by a statute that applies to class actions. The core issue before the Court is the ongoing ability of State Attorneys General to file law enforcement actions in their State courts. This action is not a class action. It is a law enforcement action brought by the Attorney General in the name of the State and as parent's patriarch on behalf of State citizens. For that reason, CAFA does not authorize removal of this action. A parent's patriarch action is fundamentally different from a class action. A parent's patriarch action is a substantive power of the State to protect its citizens in a law enforcement capacity. It is not merely a procedural device that aggregates claims before the Court. It's an exercise of sovereignty. And it is available only to the State. True. But at the end of the day, you may well have overlapping damages, a restitution regardless, that where money goes to private citizens, we're part of a defined class. Well, Your Honor, I think that, first, the issue of duplicative recovery does not speak to whether in the first instance there is Federal jurisdiction over this matter. Because CAFA requires that there be a class action, a rule, an action brought under Rule 23 or a similar State statute, and that there be minimal diversity. If this parent's patriarch action is not a class action, for because of the way CAFA defines class action, it speaks to the similarity of a State statute with respect to Rule 23, which means as this or similar statutes. Then there is some support in the legislative history saying that Congress is trying to reach nontraditional class actions that resemble class actions. I mean, there is some support for that. So what other examples can you give me of such an action that would not be the kind of action that your State is bringing? Well, the courts have found that a shareholder derivative action, for example, is not removable under CAFA. Even though in that instance there are shareholders that are beneficiaries that would stand to benefit in that action, the courts have held that that action is not removable. And so the truth. No, I was actually thinking of examples in the other direction. Whereas, I mean, what was Congress talking about? They said, well, we need to reach beyond class actions. Give me some examples of what they what you think they meant, it meant. Well, I think, first, Congress intended to define, they intended with the similarity language in CAFA to capture State rules of procedure that are analogs to Rule 23 of the Federal rules. States may have many different ways of certifying and allowing a class action to be maintained. So I think in the first instance, that's what that language speaks to. There are concerns expressed in the legislative history that these, that their class actions can still be brought under the guise of a parents' pay tray action. But that is not, that is not the fact here, Your Honor. These are not merely claims that replicate complaints. The State has conducted its own independent investigation here. And we have chosen to bring this matter as a law enforcement action under a statute that authorizes the Attorney General in the name of the State to bring that action and to represent citizens as parents' patriae. But I think you're saying you can't think of an example to answer Judge Thomas's question. I think you're saying you can't think of another example other than class actions Federal and State. In other words, State class actions devices. And the language seems to suggest that there might be some other categories of cases that come close enough that are really not class actions that would be covered. But I thought I heard, I think I'm hearing you saying you can't think of anything. I, again, Judge Oliver, I think the similarity, the reason that the definition of CAFA speaks to a similar State statute, the definition goes on to say a similar State statute that authorizes one or more persons to bring a representative action as a class action. And so the similarity that CAFA speaks to is the similarity to a Rule 23 action which authorizes a member of a class who has claims that are typical of a class to bring that action on his or her own behalf and on behalf of that class. But that is not this action, Your Honor, because the statute which authorizes this action enables the Attorney General in the name of the State to bring this action. We are the legal representative of the State and its citizens. We are not a member of a class. The statute does not even require. On that point, are you seeking recovery for on behalf of State agencies? Yes, Your Honor, we are claiming for. So why aren't you a member of the class? In the first instance, a sovereign could not be included in a class definition. And so that would be, it would be improper for the class to simply state that sovereign entities are included in the class. The State, the Attorney General under State law is the only representative of State agencies. And so, and in this action as well, we are the only representative of indirect purchasers in Washington State. For that reason, indirect purchasers have no cause of action but for the State bringing this action. And they could not be included in the class definition. The authorizing statute here does not contain any of the requirements and we are not required to show any of the requirements to maintain a class action. The State here, the State statute here looks very much like the portfolio recovery statute that was cited earlier. I am Let me put my question another way. If you're seeking money on behalf, I mean, you're describing this as a law enforcement  action, and you're not claiming damages for State agencies.   You're claiming damages for State citizens. But as far as your direct damages are concerned, the State is actually the functional equivalent of a class member because you're seeking recovery of, or restitution of the money. True. As opposed to just a pure law enforcement action on behalf of a disinterested party. Well, Your Honor, we That may or may not be of significance, but isn't that where we are? Well, the State is claiming damages for State agencies and for indirect purchasers for restitution. But that does not mean that the class has a claim that is typical of those members in the sense of a class action that must be maintained under Rule 23. In addition, Your Honor, we are also seeking wide-ranging declaratory relief, injunctive relief, and civil penalties as well, which are claims that are unique to the sovereign. So the fact that the statute authorizes the Attorney General to bring this action does not make the Attorney General a class representative. Just to get back, I guess, to the question that was raised in the dissent in the Fourth Circuit case, shouldn't we look at this as a claim on a claim-by-claim basis? In other words, civil penalties fall into one category, declaratory relief falls into another category, direct monetary relief falls into a third category or another category. Your Honor, the Supreme Court in Ex parte, Nebraska, has said that to judge who the real party of interest is, you must look to the record as a whole. And that is the approach that Judge Ilsen below took. The fact that the State has authorization to bring a parent's patriae action and can in its discretion represent indirect purchasers for restitution does not divest the State of a valid real party of interest status. That is part of a valid parent's patriae action, because a parent's patriae action is a substantive power to protect citizens, including the economic well-being of those citizens. And a variety of courts have held that the State, even in an instance where it does seek to represent consumers as part of a law enforcement action, does not lose that status. And in addition, because we do seek, under the whole claim approach, because we are seeking wide-ranging relief, that benefits all members of, all citizens of the State. And the State has its civil penalties claims as well. And so the, whether the Court, and this, and I would also note, Your Honors, that this is a separate issue from whether the State is a, this action is a class action or not. This, this goes to CAPA's minimal diversity requirement. But the Court does not need to reach that issue if it concludes that, as this case is, it is a parent's patriae action that is not a class action under the definition of, under CAPA. The defendants are not, are no longer pursuing, for the case of Washington, a removal on the basis of mass action, and they cannot because there is only one named plaintiff here, Your Honor. I'm going to turn it over to my, Adam Miller. Good morning. May it please the Court. Adam Miller, Deputy Attorney General for the State of California. California's Cartwright Act, parent's patriae statute claim, is not subject to removal under CAPA. As this Court has already demonstrated, the reason for that is from a plain, clear reading of CAPA, which defines class action as a civil action filed under Federal Civil Procedure, Rule 23, or a similar State statute or rule authorizing an action by one or more representative persons as a class action. Similar to the Court's determination in the West Virginia v. CBS case, California parent's patriae statute here does not closely resemble Rule 23 or is like Rule 23 in substance or in essentials. Our Cartwright Act parent's patriae statute is not similar to Rule 23 because it's under the Federal Heart, Scott, Rodino Act. But you agree, then, that we have to do some analysis. We don't just accept the State saying that. We have a parent's patriae statute, and as long as we have that, and proceeding on behalf of the State, that we are not to do any analysis. You agree that we ought to do some analysis to look at the statute at least to determine whether it's class-like in nature, class action-like in nature. I think the only analysis under Congress's express instructions in CAFA itself is to look to see if the action in question is proceeding under Rule 23 or a similar statute. So to the extent you have to look at the statute to see if it's similar to Rule 23, I agree that you have to do that. But it's not just the case that if there are a couple of characteristics, such as notice and opt-out, that you conclude, well, this must be a class action because those are somehow found in Rule 23. There's a lot more things in Rule 23, such as numerosity, typicality, commonality, adequacy, simplification. Right. But in every case, we don't just give it a pass. In every case, we have to look at the parent's patriae statute, and then we have to determine, based on the action that's being brought, whether it is similar to a class action, right? I think you have to consider based on the statute in effect. So I could envision some of the same. Theoretically.  You could have a situation where a parent's patriae statute could be viewed as a class action, similar to a class action. If another State, not California, were to enact a parent's patriae statute that adopted wholesale all of Rule 23's protections, that would clearly be similar to Rule 23 under CAFA. Or if it wasn't wholesale, but substantially like class action, that would be good enough. Well, I would submit that it would have to closely resemble Rule 23. I don't think you could just pick a few choice aspects that had some similarity, that had some commonality, and conclude. There might have to be some kind of balancing test. Right. But Congress was at least clear that it didn't want to be entirely technical about the requirements. Isn't that right? Well, if you're referring to the subsequent Senate report committee, it is our position that that, like Judge Ilston's in her decision, that that report is not entitled to great weight. We think the statute itself is unambiguous and there's no need to resort to legislative history. However, if you're going to talk about legislative history, then you have to look at the underlying purposes of CAFA. And whatever CAFA was intended to do, it was clearly not directed at States Attorneys General. Well, that's why your answer confused me, you just gave. Because I thought you were resting on a sovereignty issue, at least in part, in your defense against the saying that CAFA doesn't apply to State Attorney General. I thought I just heard you answer Judge Oliver's question by saying, well, if there were a class action statute that authorized the Attorney General to proceed, that might fall under the definition. Am I misinterpreting what you're saying? No, you're not misinterpreting. I can give you a specific example. California Business and Professions Code 16750, sub D, I believe, provides that the Attorney General may bring a class action under the Car Write Act. But as you've pointed out, under those circumstances, the Attorney General has to establish that he or she is representative of the class. Right. That may not be always the case, and it should not be assumed that the Attorney General in this parent's Patriot statute is representative of a class or purported class. Well, if I read the language, and I'm just pushing you a little further, it says, any civil action filed under the rule or similar state statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class. So it seems to me that what I have to do is I have to, first of all, say are the processes by which the class would be certified. As I understand it, there are processes in California, procedural protections that you must go through in order to bring this particular action. Why is that not just like a class action? Which procedural protections are you referring to in particular, just in the parent's Patriot statute itself? Yes. Well, again, the notice and opt-out provisions that are contained in our parent's Patriot statute which mirror the Hartscott-Rodino Act statute. And when Hartscott was enacted, subsequently it was that there was authority in the record that it was intended to bypass burdensome Rule 23 limitations. And Hartscott-Rodino, and by extension, California's parent's Patriot statute, is exempt from Rule 23 process. So it's inconsistent to say somehow that our parent's Patriot statute is similar to Rule 23, yet at the same time it is exempt from Rule 23 procedure. Well, if you look at the, again, if you take the Senate report, the language your opponent cited, it says, it goes through, says Rule 23, similar class action. Then it said, generally speaking, lawsuits that resemble a purported class action should be considered class actions for the purpose of applying these provisions. That's not strictly in the statute, but if we assume it is, and that's what Congress intended, this is pretty close. Well, I don't think it is. I think what Congress was trying to do was indicate that there are very many creative private attorneys out there, and CAFA was designed to try to avoid those intelligent creative attorneys from filing in magnet jurisdictions or copycat private class actions and ending up with a nationwide injunctive or damages class that would impact the whole nation. And Congress clearly intended under CAFA to prevent that by requiring those types of actions to be removed to Federal court. In answer to your question of my colleague from Washington, what kind of hypothetical situation, I think the situation would be where a private attorney filed an action in a State court, didn't call it a class action, didn't allege it under that State's Rule 23 equivalent or Rule 23, but essentially was representing one person on behalf of a group of people and tried to artfully draft a complaint that made it not a class action. I think that's what Congress was intending to address by that language, if at all, in the Senate report. So to continue with my arguments, in our parent's Patriot statute, there's no requirements for numerosity, typicality, commonality, adequacy of representation. There's no certification of the class. Unless you have any further questions, I'm ready to submit on the briefs. Okay. Thank you. Just three quick points, if I may. One of which is that while the State talks about their sovereign prerogative, the Court should be aware that eight other States have come to the MDL and filed these same types of claims right in federal court, which they're authorized to do by seeking an injunction under the Clayton Act, even on behalf of indirect purchasers. So what we have here, I would suggest, is a tactical decision that it would be better to have a separate front open in Washington or California Superior Court, where potentially inconsistent recoveries could be achieved. And as I said in my opening, that's what Congress didn't like. California counsel read from a statute, a provision of the Clayton Act, which is 16750D, which says, Did any antitrust action brought on behalf of the State in which the AG is the class representative of political subdivisions, public agencies, or citizens of the State? Which is interesting because it recognizes that it isn't conceptually inconsistent to have the AG as your plaintiff and to have him be representing private citizens. Now, I assume the AG would say, well, we didn't sue, we didn't cite that statute in our complaint. We cited the one about ten sections further that talks about parents' patriarchy. But what does come through clearly, I think, from the legislative history is that those kinds of labels are not determinative. Now, the second issue that we have on this appeal, which is the issue of minimal diversity or the real party in interest, I think has largely fallen away in light of the Lucent decision, which Judge Elston didn't have when she issued her order. But I do think it is relevant to the other issue. In other words, by establishing that the private people who would get the money are, in fact, the real parties in interest, that decision tends to underscore the fact that this is a representative action on their behalf by the AG. And so, in conclusion, our position would be that the statute is broad enough to cover a representative action on behalf of a class, which is what both of these cases are. Thank you, counsel. Thank you all for your arguments and your briefs. It's very well presented by all parties. And we will be in recess for the morning. Thank you.
judges: Oliver, Thomas, Smith